**Norman SALSITZ, on behalf of all others similarly situated, Plaintiff,**

v.

**Nelson PELTZ, Peter W. May, and Triarc Companies, Inc., Defendants.**

**No. 99 CIV.2202(LTS)(MHD).**

United States District Court, S.D. New York.

Oct. 17, 2002.

Matthew MacLean Houston, Wechsler, Harwood, Halebian & Feffer, LLP, New York City, for Norman Salsitz.

Gerard E. Harper, Paul, Weiss, Rifkind, Wharton & Garrison New York, City, for Nelson Peltz, Peter W. May, Triarc Companies, Inc.

## OPINION AND ORDER

SWAIN, District Judge.

Plaintiff Norman Salsitz ("Plaintiff") alleges that defendants Nelson Peltz ("Peltz"), Peter W. May ("May") and Triarc Companies, Inc. ("Triarc" or the "Company") (collectively, "Defendants") violated the Williams Act, Section 14(e) of the Securities Exchange Act of 1934 ("Section 14(e)"), 15 U.S.C. §§ 78t, 78n(e) in connection with Triarc's March 1999 "Dutch Auction" self-tender solicitation. Plaintiff's claims are asserted pursuant to Section 14(e) of the Securities Exchange Act of 1934. Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). The Court has considered thoroughly all submissions and arguments related to the motion. Defendants' motion for summary judgment is granted, for the reasons explained below.

## BACKGROUND

The following material facts are undisputed.[1] On October 12, 1998, Peltz, the Chairman and Chief Executive Officer of Triarc, and May, the President and Chief Operating Officer of Triarc, who at the time owned (collectively) approximately 26% of Triarc's stock, offered to purchase all of the then-outstanding shares of Triarc Class A and Class B common stock from the public for $18.00 per share. Triarc formed a special committee of the Board of Directors ("Special Committee") to evalu-

---

1. The background of this case is set out in further detail in the accompanying Opinion and Order addressing class certification, dated October 17, 2002.

ate this proposal (the "Going Private Offer"). The Special Committee retained S.G. Cowen Securities Corporation ("Cowen") as a financial advisor and provided certain information to Cowen in connection with the evaluation of the Going Private Offer. Wasserstein Perella & Co. ("WPC") advised Peltz and May in connection with the proposed transaction.

Peltz and May withdrew their Going Private Offer on March 10, 1999, stating "we believe it is not in the best interests of the shareholders at this time." (Compl.¶ 36). On that same day, Triarc announced that it would commence a Dutch auction self-tender offer ("Dutch Auction" or "Self Tender") to acquire up to 5.5 million shares of Triarc Class A and Class B common stock from the public at a price between $16.25 and $18.25 per share. Triarc also announced that WPC would serve as Triarc's investment advisor and dealer/manager for the Self Tender. Triarc issued disclosure materials in connection with the Dutch Auction on or about March 12, 1999 and, following the March 23, 1999 commencement of this litigation, supplemental materials on April 8, 1999. Plaintiff did not tender his Triarc shares into the Dutch Auction and did not rely on the allegedly deficient disclosure materials in reaching his decision not to tender. Plaintiff's relative equity interest in Triarc increased as a result of the Dutch Auction, and the value of his Triarc stock has increased since the Dutch Auction.

Defendants assert that Plaintiff cannot satisfy any of the elements of a claim under Section 14(e), and that Defendants are therefore entitled to summary judgement. Defendants argue that Plaintiff has not identified any material fact that Triarc did not disclose and that, as a matter of law under both applicable SEC regulations and relevant jurisprudence, Triarc was not required to disclose any internal opinions relating to the value of Triarc's stock. Defendants further contend that Plaintiff has not adduced any evidence that Defendants had any intent to deceive. Finally, Defendants argue that Plaintiff cannot show detrimental reliance on any alleged non-disclosure because Plaintiff did not tender any of his stock in the Dutch auction.

Plaintiff argues that numerous facts were omitted from the disclosure documents in question and that the materiality of the omissions must be decided by a finder of fact. The allegedly material omitted facts include information regarding (i) the reasons Peltz and May withdrew the Offer, (ii) Cowen's analysis of Triarc's value as a stand alone company, (iii) Cowen's analysis of Triarc's internal financial data, (iv) a statement by WPC to Triarc's Board of Directors that quick implementation of the Dutch Auction would permit Triarc to obtain shares from the public at then-current undervalued prices, (v) WPC's compensation for its work on the Going Private Offer, (vi) the meaning and basis of a statement contained in Triarc's supplemental disclosure, that the members of the Special Committee believed the value of the Triarc stock was "in the low mid twenties," and (vii) identification of "large shareholders" who allegedly suggested that Triarc conduct the Dutch Auction. Plaintiff further contends that intent to deceive can be inferred from Defendants' alleged motive to increase their control of Triarc through self-tender transactions, and that he was damaged by the alleged misstatements and omissions by being forced to make a decision as to the Dutch Auction in the absence of complete and accurate information.

## DISCUSSION

### Summary Judgment Standard

Summary judgment is to be granted in favor of a moving party where the "plead-

ings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of establishing the absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party then must meet a burden of coming forward with "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), by "a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp., v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990), *quoting* Fed. R.Civ.P. 56(e); *National Union Fire Ins. Co. v. Turtur*, 892 F.2d 199, 203 (2d Cir. 1989). A court faced with a summary judgment motion does not make credibility determinations or weigh the evidence; all inferences must be construed in a light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Carlton v. Mystic Transportation Inc.*, 202 F.3d 129, 133 (2d Cir.2000). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is inappropriate. *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir.1991). "Conclusory allegations, conjecture and speculation" will not, however, create a genuine issue of fact. *Kerzer v. Kingly Manufacturing*, 156 F.3d 396, 400 (2d Cir.1998).

*Section 14(e)*

■ Section 14(e) prohibits the making of untrue or misleading statements of material fact and the omission of material facts in connection with any tender offer. *See* 15 U.S.C.A. § 78n(e) (West 1997). In order to prevail on a claim under Section 14(e), a plaintiff must prove the following elements: (i) a misrepresentation or omission of material fact; (ii) the requisite intent to deceive; and (iii) detrimental shareholder reliance. *In re PHLCORP Securities Tender Offer Litigation*, 700 F.Supp. 1265, 1268 (S.D.N.Y.1988) (citing *Chris–Craft Indus., Inc. v. Piper Aircraft Corp.*, 480 F.2d 341, 362–63 (2d Cir.), *cert. denied*, 414 U.S. 910, 94 S.Ct. 231, 38 L.Ed.2d 148 (1973)).

*Reliance*

■ The undisputed facts show that Plaintiff cannot establish the reliance element of his Section 14(e) claim. Summary judgment in favor of Defendants is therefore appropriate.[2]

■ To establish a claim under Section 14(e), a plaintiff must show detrimental reliance on the defendants' alleged misrepresentations or omissions. *See Lewis v. McGraw*, 619 F.2d 192, 195 (2d Cir.1980); *Bruno v. Cook*, 660 F.Supp. 306, 308–309 (S.D.N.Y.1987); *Wardrop v. Amway Asia Pacific Ltd.*, No. 99 Civ. 12093(DC), 2001 WL 274067 at *3 (S.D.N.Y. March 20, 2001). Courts find reliance "where it is logical" to do so. *Lewis*, 619 F.2d at 195, *quoting Chris–Craft Industries, Inc. v. Piper Aircraft Corp.*, 480 F.2d at 375. Here, the Court will not presume reliance on the part of Plaintiff Salsitz. As noted in the accompanying Opinion and Order denying Plaintiff's motion for class certifi-

---

2. As the reliance requirement is not met, the Court will not address the remaining elements of Plaintiff's Section 14(e) claim—materiality and intent.

cation, Plaintiff specifically testified that he did not rely on anything in the Triarc offering materials in reaching his decision not to tender into the Dutch Auction. Salsitz Dep. at 55, 76–78, 80–82, 86–89 (Ex. 19 to Hurwitz Aff.). Plaintiff did not tender his stock in the Dutch Auction or engage in any purchases or other sales of Triarc stock based on the alleged misrepresentations. Nor does Plaintiff show that the alleged misrepresentations caused him any injury. As Plaintiff himself admits, he was not harmed by the Dutch Auction, but in fact benefitted from it, as the value of his Triarc stock increased substantially following the Dutch Auction. Salsitz Dep. at 62–63, 132–33. Under these circumstances, it would be illogical to presume detrimental reliance and the named Plaintiff can not sustain a Section 14(e) claim. Moreover, Plaintiff's assertion that he was injured because additional disclosure might have permitted shareholders "to negotiate with Defendants for a more favorable transaction than the Dutch auction or a better range of prices," Pl.'s Mem. at 34, is pure speculation, unsupported by any evidence in the record. Such speculation is not an appropriate basis for a Section 14(e) claim.

Class certification has been denied and, as shown above, Plaintiff cannot sustain a Section 14(e) claim on his own behalf. There is no evidence in the record as to any material fact from which an inference could be drawn in favor of Plaintiff. Summary judgment is thus appropriate.

### CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted. The Clerk shall enter judgment dismissing the Complaint.

SO ORDERED.